NOT DESIGNATED FOR PUBLICATION

Nos. 119,405
119,406

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES ROBERT HAY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed May 31, 2019.
Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Amy E. Norton*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., GREEN and ATCHESON, JJ.

PER CURIAM: In this consolidated appeal, James Robert Hay appeals the revocation of his probation in 15 CR 58 and 15 CR 154. Hay argues that the district court erred in denying his motion for probation. Finding no error, we affirm.

In 15 CR 58, Hay was convicted of one count of possession of methamphetamine. In 15 CR 154, Hay was convicted of felony theft and two counts of forgery. At his sentencing in November 2015, a special rule could have applied because Hay was on felony probation for another case at the time he committed these new crimes, most of

1

which were felonies. See K.S.A. 2018 Supp. 21-6604(f)(1). But before sentencing, Hay filed a motion for probation, arguing that he had accepted responsibility and needed drug treatment. The district court granted Hay's request for probation and did not impose the special rule.

It did, however, revoke his probation. After Hay was charged with four new cases consisting of 27 offenses, most of which were felonies, the State moved to revoke Hay's probation. Hay then pleaded guilty to the new crimes and stipulated to the allegations in the State's motion to revoke.

At sentencing, the district court addressed Hay's new offenses and also addressed whether Hay's probation should be revoked in cases 15 CR 58 and 15 CR 154. Hay argued that he should be allowed to continue on probation because he needed drug treatment, he had accepted responsibility for his crimes, and he had a supportive family to help keep him out of trouble. The district court denied Hay's request for probation, revoked his probation in 15 CR 58 and 15 CR 154, and remanded him to serve his original sentences.

Hay timely appeals.

*The district court did not abuse its discretion.*

Hay argues that the district court erred in denying his motion for probation. Unless otherwise required by law, probation is a privilege not a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006).

After determining a probation violation occurred, the district court must determine whether a violation warrants revocation of probation. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). This court reviews the district court's decision to revoke

2

probation for an abuse of discretion. See *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015). An abuse of discretion occurs if the district court's action was arbitrary, fanciful, or unreasonable or if the decision was based on an error of law or fact. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). The party asserting the trial court abused its discretion bears the burden of showing an abuse of discretion. *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997 (2015).

Hay pleaded guilty to 21 new offenses and stipulated to the State's allegations in its motion to revoke Hay's probation. The district court stated several reasons in support of its decision to revoke Hay's probation:

- Hay was a danger to society as evidenced by the financial harm he has caused;
- Hay's previous probationary period failed as evidenced by his continued criminality; and
- Hay's commission of new crimes, coupled with his extensive criminal history.

K.S.A. 2018 Supp. 22-3716(c)(8)(A) provides that if an offender commits a new felony or misdemeanor while the offender is on probation, the court may revoke the probation. In this circumstance, the court may use its discretionary authority and revoke probation without imposing an intermediate sanction. The court did so here. Despite Hay's assertions that he should continue probation because he needed drug treatment, had accepted responsibility for his crimes, and had a supportive family to help keep him out of trouble, a reasonable person could agree with the district court's decision. The district court's decision to revoke Hay's probation was not based on an error of law or fact, and it was not arbitrary, fanciful, or unreasonable. We find the district court did not abuse its discretion.

Affirmed.